UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGOR SEVASTIANOV,

                  Plaintiff,

-against-

UR JADDOU, as Director of United States Citizenship and Immigration Services, et al.,

                  Defendants.

1:24-CV-1075 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Igor Sevastianov brings this action *pro se*. To proceed with a civil action in this court, a plaintiff must either pay $405 in fees – a $350 filing fee plus a $55 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a completed and signed *in forma pauperis* ("IFP") application. *See* 28 U.S.C. §§ 1914, 1915.

    "The ability to proceed IFP is a privilege provided for the benefit of indigent persons." *Cuoco v. BOP*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal quotation marks and citation omitted). Thus, "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Id.* (internal quotation marks and citation omitted). The Court must dismiss an action in which a person applies to proceed IFP if their "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). This statutory provision "serves the purpose of preventing abuse of the judicial system by weed[ing] out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (summary order) (internal quotation marks and citation omitted, first alteration in original). The IFP statute, 28 U.S.C. § 1915, "neither requires a litigant to demonstrate absolute destitution, nor requires dismissal for inaccuracies, misstatements, or minor misrepresentations made in good

faith." *Id.* (internal quotation marks and citations omitted). Dismissal under Section 1915(e)(2)(A) is warranted, however, "where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain [IFP] status." *Id.* "[D]eliberate concealment of income in order to gain access to a court without prepayment of . . . fees" is an example of such bad faith. *Id.*

Plaintiff provides, in his IFP application, that he is self-employed, but that he works for his son. He earns approximately $1,600 per month, but indicates that his "income varies [from] month to month" and that he "never know[s] when [his and his son's next project is] or what [their] next project is going to bring [them] in revenue."[1] (ECF 2, at 1-2.). He also provides that, in the past 12 months, he has not received income of more than $200 from any other source. (*Id.*) Plaintiff further states, in his IFP application, that he has $4,519 in cash or in a bank account. (*Id.* at 2.) He indicates that he possesses (though ownership is in his wife's name): (1) a 2006 Ford F-250 pickup truck, which he values at $2,377; (2) a 2008 Infiniti QX 56 sport-utility vehicle, which he values at $2,262; and (3) a house in Staten Island, New York, which he values at $822,000. (*Id.*) Plaintiff states, in his IFP application, that every month, he pays: (1) a $2,284 mortgage payment; (2) $600 in E-Z Pass toll expenses; (3) $800 for household expenses; (4) $650 for utilities; (5) $160 for telephone expenses; and (6) $250 in personal expenses.[2] (*Id.*) Plaintiff asserts that he lives with his wife and his son, his son "runs [a] construction business," he works for his son, and that his wife is "100 % depen[dent]" on both him and his son. (*Id.*) He

---

[1] In his complaint, Plaintiff asserts that he, himself, has a "thriving business." (ECF 1, at 6.)

[2] In his complaint, Plaintiff asserts that he pays $4,260 per month in mortgage payments, "plus a huge number of other payments[], cars, etc." (ECF 1, at 6.) In addition, in his complaint, he alleges that, "without [his] income, his wife, children and [their dog] would be thrown out onto the street without a livelihood." (*Id.*)

also asserts that he has a "business credit card ($1000 limit) and [a] Home Depot credit card ($500 limit) that [he] use[s] and pay[s] each month." (*Id.*)

It is unclear whether Plaintiff is unable to pay the fees to bring this action. Given Plaintiff's alleged approximate $1,600 monthly income and the $4,519 that he possesses in cash or in a bank account, on a yearly basis, or even on a semi-yearly basis, his alleged expenses should quickly deplete his income and any other funds he possesses, to the point that he should be in severe debt. Yet, he does not indicate that he is in debt. On the contrary, he states that he uses two credit cards and that he pays the associated credit-card debt every month. In light of the inconsistencies in Plaintiff's IFP application and in his complaint, the financial status portrayed in Plaintiff's IFP application does not seem credible.

Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $405 in fees or fully complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:24-CV-1075 (LTS), and address the inconsistencies described above by providing specific facts to establish that he is unable to pay the fees to bring this action. Plaintiff should fully and truthfully answer all of the questions in his amended IFP application. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1). The Court warns Plaintiff that the Court must dismiss this action if it determines that his "allegation of poverty is untrue." § 1915(e)(2)(A).

No summonses shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If he fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 27, 2024
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge