UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IGOR SEVASTIANOV,

                Plaintiff,

-against-

UR JADDOU, et al.,

                Defendants.

24-CV-1075 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

      Plaintiff Igor Sevastianov brings this action *pro se*, invoking the court's diversity jurisdiction.[1] He sues: (1) Ur Jaddou, Director of United States Citizenship and Immigration Services ("USCIS"); (2) Loren Miller, Director of USCIS's Nebraska Service Center; and (3) "Officer: 0348," a USCIS Officer assigned to the USCIS's Nebraska Service Center. The Court understands Plaintiff's complaint as invoking the court's federal-question jurisdiction, and as suing the defendants in their respective official capacities as federal officers.

      Plaintiff does not specify the type of relief he seeks. To commence a civil action in a federal district court, a plaintiff must file a pleading called a complaint. *See* Fed. R. Civ. P. 3, 7(a)(1). A plaintiff's complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and *(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.*

Fed. R. Civ. P. 8(a) (emphasis added). Plaintiff does not indicate, in his complaint, the type of relief he seeks, that is, damages (money), injunctive relief (an order from the Court directing the

---

[1] Plaintiff has paid the fees to bring this action.

defendants to either do something or to stop doing something), and/or declaratory relief (an order from the Court declaring the actions of the defendants unlawful).

In light of Plaintiff's *pro se* status, the Court directs Plaintiff to submit a submit a written supplement to his complaint in which he clearly indicates the type(s) of relief he seeks in this action by **April 19, 2024**. *See* Fed. R. Civ. P. 15(d) (allowing the supplementing of a pleading). If Plaintiff fails to comply with this order within the time allowed, and fails to show cause to excuse such failure, the Court will dismiss this action, without prejudice, for failure to comply with this order. *See* Fed. R. Civ. P. 41(b).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 15, 2024
         New York, New York

DALE E. HO
United States District Judge